# United States Court of Appeals
# for the Fifth Circuit

No. 22-40219
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 24, 2023

Lyle W. Cayce
Clerk

Terry Gentry, *on behalf of himself and all others similarly situated*,

*Plaintiff—Appellee*,

*versus*

Hamilton-Ryker IT Solutions, L.L.C.,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:19-CV-320

_____

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Terry Gentry sued Hamilton-Ryker IT Solutions, L.L.C. ("HR-IT") individually and on behalf of all others similarly situated, alleging that HR-IT failed to pay him overtime in accordance with the Fair Labor Standards Act. The magistrate judge issued a thorough and detailed report and recommendation urging the district court grant in part and deny in part the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40219

Parties' cross-motions for summary judgment. Over objections, the district court adopted the R&R. HR-IT appeals. We AFFIRM.

As described in greater depth in the magistrate judge's report and recommendation, Gentry worked for HR-IT as a Senior Control Systems Engineer from June 1, 2015, to March 13, 2019. Plaintiff Marc Taylor joined the suit after the parties agreed to conditionally certify as a collective action. Taylor began his employment on August 28, 2017 as a Lead Electrical Engineer.

The FLSA establishes a 40-hour workweek, requiring employers to pay "time and a half" for any additional time worked beyond the standard workweek.[1] The Secretary of Labor has promulgated regulations exempting certain categories of professionals.[2] As our Court recently explained, to fall within one of the exemptions, three conditions must be met:

> First, the employee must meet certain criteria concerning the performance of executive, administrative, and professional duties. Second, the employee must meet certain minimum income thresholds. Finally, the employee must be paid on a "salary basis." And although the duties criteria and income thresholds vary from exemption to exemption, the regulations apply the same salary-basis requirement to all four exemptions.[3]

The parties agree that only the "salary-basis" test is at issue.

As the R&R ably and thoroughly analyzes, HR-IT cannot satisfy its burden to demonstrate that Gentry and Taylor fall into the exemptions. The R&R relies on record evidence that HR-IT failed to demonstrate a good-faith attempt to apply the FLSA, including failing to consult with an attorney

---

[1] *See* 29 U.S.C. § 207(a).

[2] *See* 29 C.F.R. §§ 541.100, 541.200, 541.300, 541.601.

[3] *Hewitt v. Helix Energy Sols. Grp., Inc.*, 15 F.4th 289, 290–91 (5th Cir. 2021) (en banc).

No. 22-40219

regarding compliance, and recommended liquidated damages. Finally, the R&R concluded that Gentry and Taylor failed to show that the violation was willful and recommended that Gentry should be awarded $28,659 and Taylor $66,900.

The district court conducted a de novo review, overruling HR-IT's objections "[t]o the extent [they] refer to new evidence and arguments not previously submitted" as "not properly before the court," and adopted the R&R as its opinion.

We find no reversible error of law or fact and affirm essentially for the reasons stated in the magistrate judge's thorough and exhaustive report, adopted by the district court as its opinion. The judgment of the district court is AFFIRMED.